UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES RAY WILLIS | CIVIL ACTION NO. 05-2240 |
| versus | JUDGE HICKS |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | REFERRED TO: MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

**Introduction**

James R. Willis ("Plaintiff") filed for disability benefits due to knee pain that continued after a total right knee replacement in June 2004. Plaintiff also noted that he had carpal tunnel syndrome, but that problem was largely relieved by surgery. Plaintiff had lumbar surgery in 1975. It appears that Plaintiff's back did not cause him significant trouble afterwards until, one week before his ALJ hearing, Plaintiff reported to physicians that he had strained his back about one month earlier when picking up a deer feeder from his truck.

Plaintiff, who has a twelfth grade education and past work experience as a self-employed retailer and carpenter, was 51 years old when ALJ Howard Treblin denied his claim. The ALJ found that Plaintiff had arthritis of both knees with status post-total right knee replacement and laminectomy defect at L4-5 and L5-S1, which are severe impairments within the meaning of the regulations. He also determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work activity with a sit/stand option. A

vocational expert testified that a person with that RFC could not perform Plaintiff's past work but could perform the work of a general office clerk, and such jobs are available in significant numbers in the relevant economies. The ALJ accepted that testimony and entered a finding of not disabled.

The Appeals Council denied a request for review. Plaintiff then filed this civil action seeking the limited judicial relief that is available pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be reversed and remanded.

**Issues on Appeal**

Treating physicians Dr. David Waddell and Dr. Austin Gleason submitted RFC assessment forms that suggested limitations greater than the RFC found by the ALJ. Plaintiff alleges that the ALJ erred when he (1) did not give controlling weight to the opinions of the treating physicians, (2) substituted his opinion for that of the physicians without any competing opinion from another physician, and (3) did not find Plaintiff disabled based on the evidence from Drs. Gleason and Waddell.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Dr. Waddell performed the right knee replacement surgery in June 2004. Tr. 113. Plaintiff reported to the Spine Institute of Louisiana a few months later, in October 2004, and saw Dr. Eubulus Kerr, III for complaints of agonizing back pain across the small of his back that started when Plaintiff picked up a deer feeder about three weeks earlier. Plaintiff reported that the pain radiated to his hips but was getting better. Sitting and rising from a seated position were among the things that increased the pain. Dr. Kerr's impression was acute lumbar strain and degenerative disk disease. He suggested physical therapy and a return visit in four to six weeks. If the pain was not then resolved, he said that he would order an MRI. Tr. 272-75.

Dr. Gleason, who is also associated with the Spine Institute, completed an RFC form that appears to have been intended for Dr. Kerr. Dr. Gleason did not complete the portion of the form to indicate the amount of time Plaintiff could sit in a workday, but he did estimate that Plaintiff could sit for only 30 minutes at a time without needing to change positions. He estimated that Plaintiff could stand/walk for two hours per day. He attributed these problems to knee and back pain. Tr. 277-80. A record of that same date indicates that Dr. Gleason examined Plaintiff and found that his knee replacement "seems to be stable and shows fairly good range of motion." The left knee showed "some patellofemoral crepitation with no instability." There is no indication of a spinal examination, but Dr. Gleason recorded that Plaintiff told him about the prior surgery and said he had experienced progressively worsening pain in his back since that time. Tr. 282.

Dr. Waddell completed an RFC form and found that Plaintiff could sit for four hours per workday (one hour at a time without changing positions) and could stand/walk for two hours per workday (for thirty minutes at a time without a change of position). Tr. 284-87.

Plaintiff reported in paperwork associated with his application that he could stand for only a few minutes at a time and could sit for a longer period, "but after 30 minutes or so my knees cramp real bad." Tr. 59. Plaintiff testified at the hearing that he could sit for about half an hour before he would need to move around. He estimated he could do that for a total of "a few hours" but he "really [didn't] know" for sure. Tr. 298-99.

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools.  A sedentary job involves sitting, but a certain amount of walking and standing is often necessary to carry out job duties. A job is  sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a) and 416.967(a). Social Security Ruling 83-10 explains that a job involves walking and standing "occasionally" if those tasks generally total no more than about 2 hours of an 8-hour workday, with the other six or so hours spent sitting.

The findings made by Dr. Waddell and Dr. Gleason regarding Plaintiff's ability to stand are not inconsistent with the ALJ's RFC for sedentary work with a sit/stand option. Sedentary work also requires, however, the ability to sit for *six* hours or so. Dr. Gleason gave no opinion on that issue, but Dr. Waddell found that Plaintiff could sit no more than *four* hours per workday.  There is no medical evidence that includes a finding that Plaintiff can sit for six hours in a workday.

The ALJ gave valid reasons for discounting the RFC forms submitted by the physicians.  He noted that Dr. Gleason's statements lacked clinical support and were based on a one-time cursory examination.  The ALJ afforded "some weight" to Dr. Waddell's report, but he found that the limitations suggested were not supported by Dr. Waddell's own treatment records.

Assuming that the ALJ's discounting of the treating physician's opinions did not run afoul of <u>Newton v. Apfel</u>, 209 F.3d 448 (5th Cir. 2000) and its requirements with respect to 20 C.F.R. § 404.1527(d)(2), there was no medical source finding that Plaintiff could perform the sitting and other requirements of the RFC assessed by the ALJ. The medical reports reviewed during an administrative hearing "should include . . . [a] statement about what you can still do despite your impairment(s) based on the acceptable medical source's findings. . . ." 20 C.F.R. §404.1513(b)(6). The regulation continues that the agency will request a medical source statement about what the claimant can still do, but the lack of such a statement will not automatically make the record incomplete. <u>Id</u>. When the ALJ does not request such a medical statement, the court's inquiry is whether the ALJ's decision is supported by substantial evidence in the record. <u>Ripley v. Chater</u>, 67 F.3d 552, 557-58 (5th Cir. 1995).

There is no positive statement from a medical source in the record that states that Plaintiff could, despite his limitations, perform the demands of the RFC assessed by the ALJ. There is evidence of aggravation of the long-time back problem, and that condition and the knee cramping problem mentioned by Plaintiff could reasonably interfere with his ability to sit to the extent that he could not perform sedentary work, even with a sit/stand option.

Under these circumstances, the ALJ's decision is not supported by substantial record evidence. A similar result was reached in <u>Ripley</u>, where the medical evidence established that the claimant had a problem with his back but did not clearly establish the effect the

condition had on his ability to work. The only evidence on his ability came from his own testimony, so the Fifth Circuit ordered the case remanded with instructions to obtain a report from a treating physician regarding the effects of the claimant's back condition on his ability to work. Here, there is medical evidence of Plaintiff's abilities, in the form of medical findings by Drs. Gleason and Waddell, and they do not fully support the RFC that was assessed. The ALJ discounted those findings. Assuming the discount was justified and in accordance with Newton, the ALJ did not point to any other medical source findings that did support the assessed RFC.

A remand is appropriate in this case, but it should be left to the ALJ whether to request clarification from a treating physician, an opinion from a consultative physician or both. On remand, Plaintiff and the agency may further explore this and any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

One issue that may be relevant on remand, and that could not be determined with certainty at the first hearing, is whether the back problem was of sufficient duration to impact the disability evaluation. The Commissioner can go a long way to avoid another remand in

this or other cases by ensuring compliance with <u>Newton</u>. A judgment will be entered in accordance with this Memorandum Ruling.

      THUS DONE AND SIGNED at Shreveport, Louisiana, this 12th day of March, 2007.

                                        MARK L. HORNSBY
                              UNITED STATES MAGISTRATE JUDGE